UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Roger M. Lindmark, | Case No. 18-cv-1577 (WMW/LIB) |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| Saint John's University, | |
| Defendant. | |

This case involves parallel proceedings in this Court and in Stearns County District Court, Seventh Judicial District of Minnesota. Before this Court is the motion of Defendant Saint John's University (SJU) to dismiss Plaintiff Roger M. Lindmark's complaint. (Dkt. 8.) For the reasons addressed below, the Court grants SJU's motion and dismisses Lindmark's complaint with prejudice.

## BACKGROUND

The background of each proceeding is addressed, beginning with the proceedings before this Court.

### I. Federal Court Proceedings[1]

Lindmark, an alumnus of SJU, was involved in two class-action lawsuits that predate this matter. Lindmark was the plaintiff in the first lawsuit, filed in the United States District Court for the Central District of California, *Lindmark v. Am. Express Co.*, No.

---

[1] The facts addressed in Part I are taken from Lindmark's complaint, which the Court accepts as true for the purpose of this motion to dismiss. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).

2:00-CV-08658. The settlement agreement in that case included a "*cy pres* donation to 'compensate society,'" payable to SJU by American Express Company, a defendant in the California federal lawsuit. This $50,000 donation established the "Lindmark Endowment for Corporate-Business Ethics" (the Endowment). In the second lawsuit, filed in California state court, Lindmark was an attorney. The California state court lawsuit also concluded in a settlement, pursuant to which Lindmark directed a grant of $250,000 to SJU for the Endowment.

SJU and Lindmark executed a written agreement on June 18, 2010 (the Gift Instrument) that amended the terms of the Endowment. The Gift Instrument recites the purpose of the Endowment, which among other things is to establish a summer undergraduate research fellowship for the study of corporate business ethics. The Gift Instrument states that it "constitutes a 'gift instrument' within the meaning of and governed by Minnesota's Uniform Prudent Management of Institutional Funds Act" (UPMIFA), and that "[t]he laws of the State of Minnesota relating to endowment funds shall govern this gift instrument and the [Endowment]."

Between 2010 and 2018, the relationship between Lindmark and SJU deteriorated. Lindmark alleges that SJU "mishandled" the Endowment "by failing to monitor and supervise the two summer student Fellows and by failing to use the funds in accordance with the [Gift Instrument], which called for use of the funds in the field of Corporate-Business Ethics." In particular, Lindmark complains that the topics of the Fellows' research papers are unrelated to corporate business ethics. Lindmark also alleges that at

2

least one Fellow received a stipend from the Endowment without completing his research project.

Lindmark sued SJU in this Court on June 6, 2018, alleging breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, and conversion. Each claim is based on Lindmark's allegations that SJU's management of the Endowment is inconsistent with the donor's intent. Lindmark seeks to "disband" the Endowment and the "return of any undisbursed funds" of the Endowment.

SJU moves to dismiss Lindmark's complaint on two grounds—first, Lindmark lacks standing to challenge the administration of the Endowment or to enforce the terms of the Gift Instrument and, second, Lindmark fails to state a claim on which relief can be granted.

## II. State Court Proceedings[2]

On May 24, 2018, SJU petitioned the Stearns County District Court for an order "(1) confirming that the actions taken by [SJU] in its administration of the [Endowment] to date have been proper; (2) instructing [SJU] regarding the future administration of the [Endowment]; and (3) instructing [SJU] that it may not pay or transfer assets of the [Endowment] to Lindmark." SJU's petition cites Minnesota trust law and the Minnesota UPMIFA, which provide that a court may modify the terms of an institutional fund upon the application of an institution. Minn. Stat. §§ 309.755(b); 501B.31 *et seq.*; 501C.0101 *et seq.* SJU served the petition on the Office of the Minnesota Attorney General, which

---

[2] The facts addressed in Part II are taken from the record in Stearns County District Court case number 73-CV-18-4431, of which this Court takes judicial notice. *See Kent v. United of Omaha Life Ins. Co.*, 484 F.3d 988, 994 n.2 (8th Cir. 2007) (taking judicial notice "of other judicial opinions, and the earlier proceedings" when deciding issue of preclusion).

3

declined to take a position in the proceedings, but reserved the right to do so in the future. *See* Minn. Stat. § 501B.31, subd. 5 ("In cases arising under this section, the attorney general must be given notice of any court proceedings . . . .").

Lindmark opposed SJU's petition and sought dismissal, arguing that the Endowment is not a trust or an "institutional fund." Rather, Lindmark argued, the Endowment is a contract between Lindmark and SJU. In response, SJU challenged Lindmark's standing to participate in the proceedings because, under the Minnesota UPMIFA, only the state attorney general has standing to participate in matters involving the administration and enforcement of irrevocable charitable gifts.

While SJU's motion to dismiss Lindmark's complaint was pending before this Court, the Stearns County District Court rejected Lindmark's arguments and granted summary judgment in favor of SJU on December 17, 2018. Based on undisputed facts, the Stearns County District Court held that the Endowment is not a contract. Rather, the Endowment is an "institutional fund" governed by the Minnesota UPMIFA. This Court subsequently ordered the parties to file supplemental memoranda addressing the "procedural and substantive impact" of the Stearns County District Court Order on SJU's pending motion to dismiss.

On February 6, 2019, Lindmark notified this Court that he has appealed the Stearns County District Court's December 17, 2018 Order to the Minnesota Court of Appeals.

**ANALYSIS**

Because the Stearns County District Court ruled on the same issues that are the subject of SJU's motion to dismiss, SJU argues that the doctrine of collateral estoppel applies and the Court must dismiss this case.

A district court may grant a motion to dismiss for failure to state a claim on collateral estoppel grounds. *See* Fed. R. Civ. P. 12(b)(6); *Seldin v. Seldin*, 879 F.3d 269, 272 (8th Cir. 2018). Under Rule 12(b)(6), a district court accepts as true the facts stated in the complaint, *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010), and also may consider materials attached to and embraced by the complaint, as well as materials in the public record, *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012).

Collateral estoppel, also known as issue preclusion, bars relitigation of issues previously decided in a different cause of action. *Ideker v. PPG Indus., Inc.*, 788 F.3d 849, 852 (8th Cir. 2015). The doctrine promotes judicial economy and finality, avoids unnecessary expense in litigation, and encourages "reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* (quoting *Montana v. United States*, 440 U.S. 147, 154 (1979)). When analyzing whether collateral estoppel applies here, this Court applies the substantive law of Minnesota, the forum state, giving preclusive effect to a state court decision if Minnesota courts would do so. *In re Scarborough*, 171 F.3d 638, 641 (8th Cir. 1999).

SJU may invoke collateral estoppel against Lindmark if four elements are satisfied: (1) the issue to which estoppel applies is identical to one decided by the Stearns County

5

District Court, (2) the Stearns County District Court reached a final judgment on the merits of the issue, (3) Lindmark was a party to the adjudication in the Stearns County District Court, and (4) Lindmark was given a full and fair opportunity to be heard on the issue. *Ill. Farmers Ins. Co. v. Reed*, 662 N.W.2d 529, 531 (Minn. 2003). The Court addresses each element in turn.

### A. Identical issues

Whether the issues on which SJU seeks collateral estoppel are identical to those decided by the Stearns County District Court in its December 17, 2018 Order is this Court's first consideration. In this Court, SJU's principal argument supporting its motion to dismiss is that, under a common-law "donor-standing" rule codified in the Minnesota UPMIFA, Lindmark is barred from filing suit to enforce the terms of the Gift Instrument or challenge the administration of the Endowment. Only the Minnesota Attorney General, SJU asserts, has standing under Minnesota law to enforce the terms of the Gift Instrument. Lindmark counters that the Endowment is not an "institutional fund" governed by the Minnesota UPMIFA. Lindmark maintains that the Endowment is a contract between himself and SJU. And, even if the Endowment is not a contract, Lindmark argues, the Endowment is not governed by the Minnesota UPMIFA because it is a "program-related asset," which is excluded from the definition of "institutional fund" under Minn. Stat. § 309.735(5).

The Stearns County District Court addressed two issues: whether the Endowment is a contract and whether the Endowment is an "institutional fund" governed by the Minnesota UPMIFA. *See* Minn. Stat. § 309.735(5). The Stearns County District Court

6

determined that the Endowment is not a contract. Instead it is a charitable gift, for two reasons. First, the Endowment is not a contract because the monetary contributions to the Endowment were not supported by consideration. Second, the 2010 Gift Instrument repeatedly refers to the monetary contributions to the Endowment as a "gift." The Stearns County District Court also reasoned that charitable gifts may be subject to conditions without becoming a contract, and concluded that conditions on a charitable gift may be enforced only by the Minnesota Attorney General. *See Longcor v. City of Red Wing*, 289 N.W. 570, 572, 574 (Minn. 1940).

As to the second issue, the Stearns County District Court concluded that the Endowment is an "institutional fund" and, therefore, is governed by the Minnesota UPMIFA. The court rejected Lindmark's argument that the Endowment is *not* an institutional fund under Minn. Stat. § 309.735(5) for three reasons. First, the court determined that accepting Lindmark's argument would mean that "the 'program-related asset' exception would clearly envelop the definition of 'institutional fund.' " Second, Lindmark's argument contradicts guidance from the Uniform Law Commission that the definition of "program-related asset" does not include "a fund used to pay for scholarships," because such a fund is governed by the Minnesota UPMIFA. Third, the court observed that the Gift Instrument, "provides [that] it is a 'gift instrument' within the meaning [of] and governed by" the Minnesota UPMIFA.

These two issues addressed by the Stearns County District Court arise out of the same facts and circumstances alleged in Lindmark's complaint before this Court. The parties' legal arguments before both this Court and the Stearns County District Court are

essentially identical. The legal issues raised here—whether the Endowment is a contract, whether the Endowment is governed by the Minnesota UPMIFA, and whether only the Minnesota Attorney General has standing to enforce the terms of the Gift Instrument—are identical to the issues decided by the Stearns County District Court.

### B. Final Judgment on the Merits

The Stearns County District Court granted summary judgment in favor of SJU on the claims raised by Lindmark and dismissed his responsive pleading with prejudice. A judgment is final for the purpose of collateral estoppel, notwithstanding a pending state court appeal, *see Fain v. Andersen*, 816 N.W.2d 696, 702 (Minn. Ct. App. 2012), if the judgment "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment," *All Finish Concrete, Inc. v. Erickson*, 899 N.W.2d 557, 568 (Minn. Ct. App. 2017). Notwithstanding the pendency of Lindmark's appeal, the December 17, 2018 Order constitutes a final judgment on the merits of the issues on which SJU seeks collateral estoppel.

### C. Same Party and Opportunity to Litigate

Because there is no dispute that Lindmark was a party to the adjudication in the Stearns County District Court, the only remaining question is whether Lindmark had a full and fair opportunity to be heard on the issues decided by the Stearns County District Court. This determination depends on whether there were significant procedural limitations in the proceedings before the Stearns County District Court, whether Lindmark had the incentive to fully litigate the issues before the Stearns County District Court, and whether effective

8

litigation was limited by the nature or relationship of the parties. *State v. Joseph*, 636 N.W.2d 322, 328 (Minn. 2001).

Because SJU's requested relief in the Stearns County District Court—dismissal of or summary judgment on Lindmark's claims—is similar to the relief sought here, and both parties advance the same legal grounds, Lindmark had every incentive to fully litigate the issues before the Stearns County District Court. Indeed, the parties' briefing on SJU's motion to dismiss in this Court and SJU's motions in the Stearns County District Court are nearly identical. The Stearns County District Court held a hearing on the motions, and Lindmark was not subject to any apparent procedural limitations. The nature and relationship of the parties are the same before this Court as they were before the Stearns County District Court. Finally, the issues decided by the Stearns County District Court, whether the Endowment is a contract and whether it is governed by UPMIFA, were before that court because Lindmark raised those issues. Lindmark had a full and fair opportunity to be heard on the issues to which SJU seeks to apply collateral estoppel.

For these reasons, Lindmark is collaterally estopped from contesting whether the Endowment is a charitable gift rather than a contract, whether the Endowment is governed by UPMIFA, and whether only the Minnesota Attorney General has standing under Minnesota law to enforce the terms of the Gift Instrument. Because these issues are the same issues raised in SJU's motion to dismiss, the Court grants SJU's motion to dismiss Lindmark's complaint with prejudice.[3]

---

[3] The dismissal of a complaint typically is without prejudice unless the complaint is so deficient or defective that it cannot be cured. *See*, *e.g.*, *Wolff v. Bank of New York*

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Saint John's University's motion to dismiss, (Dkt. 8), is **GRANTED**, and Plaintiff Roger M. Lindmark's complaint, (Dkt. 1), is **DISMISSED WITH PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 8, 2019                                s/Wilhelmina M. Wright
                                                    Wilhelmina M. Wright
                                                    United States District Judge

---

*Mellon*, 997 F. Supp. 2d 964, 980 n.8 (D. Minn. 2014). But dismissal with prejudice is appropriate when the Court cannot conceive of any set of facts that would entitle the plaintiff to relief. *See id.* (citing *McLean v. United States*, 566 F.3d 391, 400 (4th Cir. 2009)). Because Lindmark is collaterally estopped from contesting the legal issues that form the basis of his complaint, the Court dismisses his complaint with prejudice.